IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNITED SERVICE ORGANIZATIONS, INC.<br>2111 Wilson Boulevard, Suite 1200<br>Arlington, VA 22201<br><br>                              Plaintiff,<br><br>  v.<br><br>NEW ENGLAND CONFECTIONERY COMPANY d/b/a NECCO<br>135 American Legion Highway<br>Revere, MA 02151<br><u>Serve Registered Agent</u>:<br>CT Corporation System<br> 155 Federal St. Suite 700<br>Boston, MA 02110<br><br>Defendant. | Civil Action No.:_____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, United Service Organizations, Inc. ("USO"), by way of Complaint against the Defendant, New England Confectionery Company, Inc., d/b/a NECCO ("NECCO") for federal trademark infringement in violation of 15 U.S.C. §1114 and 15 U.S.C. § 1125(a); and for quantum meruit, avers as follows:

## PARTIES

1.    Plaintiff USO is a District of Columbia non-profit corporation, with a principal place of business at 2111 Wilson Boulevard, Suite 1200, Arlington, VA 22201.

2.    Upon information and belief, Defendant NECCO is a Delaware corporation doing business in the Commonwealth of Virginia, with a principal place of business at 135 American

1

Legion Highway, Revere, Massachusetts 02151.

## JURISDICTION AND VENUE

3. Plaintiff incorporates paragraphs 1 through 3 of this Complaint as if fully set forth herein.

4. This Court has jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 (a) and 28 U.S.C. § 1338(a), as this action is related to trademarks, and pursuant to 28 U.S.C. § 1332 because it is between citizens of different States, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events material to Plaintiff's causes of action occurred in this District.

## FACTS COMMON TO ALL COUNTS

6. NECCO is the producer of Sweethearts Conversation Hearts Candy, a familiar Valentine's Day product for many years. NECCO's confections are sold in retail food outlets throughout the United States.

7. USO is the owner of numerous trademarks of its name and logo, including the following United States Trademark Registration:

    Word Mark    USO (Stylized)



    Application No.:    74205716
    Registration No.:    1731854
    Filing date:    09/20/1991
    Registration date:    11/10/1992
    Date of First Use:    1984; date of first use in another form: 1941

8.      On or about May 5, 2009, USO and NECCO entered into a Commercial Co-Venture Agreement ["the Agreement"].  See Exhibit 1 attached hereto.  The term of the Agreement was January 1, 2009 through December 31, 2009.

9.      Pursuant to the Agreement, NECCO was authorized to be the exclusive, nationwide confections sponsor of Operation USO Care Package ["OUCP"] during the promotional period from May 1 2009 through September 1, 2009.  The Agreement permittedNECCO to use the USO brand, including USO's trademarks and logo, to market NECCO productsand to promote NECCO's affiliation with USO for the purpose of benefitting NECCO.

10.     In exchange for and in consideration of the aforementioned authorized use,NECCO agreed to donate, and donated,the sum of $75,000.00 to USO to benefit USO programs and services.

11.     By its terms, the Agreement expired on December 31, 2009.

12.     In or about December 2009, USO and NECCO begannegotiating terms of a new Commercial Co-venture Agreement for calendar year 2010,which would authorize NECCO to again use USO's trademarks and logos in a new promotion.

13.     While the parties continued negotiating the terms of a 2010Co-Venture Agreement into the spring of 2010, no final Co-Venture Agreement for 2010 was ever signed.

14.     Upon information and belief, commencing in May 2010, without the consent or authorization of USO, NECCO unilaterally produced and packaged candy displaying USO trademarks and logos, and commenced a marketing campaign using USO's trademarks and logos for candies identified as "Red White & You Sweethearts."

15.     In addition to printing USO's trademarks and logos on NECCO's product

packaging in 2010, NECCO's "Red White & You Sweethearts" candy packages sold in 2010contained the following statement: "SWEETHEARTS Brand is proud to show its heartfelt thanks to the troops by supporting this program with a minimum donation of $75,000.00 to the USO!" See photograph attached hereto as Exhibit 2.

16. During and throughoutthe time NECCO was marketing USO branded products, NECCO's online store published the following statement:

> To support our troops serving far from home, the USO created Operation USO Care Package. This program has distributed more than 1.5 million care packages to deployed service members, and continues to distribute approximately 25,000 packages each month to our troops around the world. The American-made Sweethearts brand is proud to show its heartfelt support by donating to this important program. And your purchase makes this possible. To show your support, donate now at uso.org/sweethearts."

See Exhibit 3, attached hereto.

17. NECCO's online store also published the following statement during 2010: "As a bonus, NECCO has committed to donating a portion of the proceeds from Red White and You Sweethearts sales to American troops currently serving overseas. The company has committed $75,000.00 to finance the distribution of care packages to troops as a part of a USO initiative." See Exhibit 4, attached hereto.

18. In September, 2010, a USO representative purchased a case of USO branded NECCO products from NECCO's website  The Sweethearts packages themselves contained the aforementioned language, as well as a display of USO's name and trademarks. SeeExhibit 2.See order receipt, attached hereto as Exhibit 5.

19. Upon information and belief, NECCO continued the unauthorized marketing of USO branded products through February 2011, including placing products for sale on NECCO's website and shipping products to retailers for sale nationwide.

20. USO learned of NECCO's unauthorized use of USO's marks and logos in May

4

2010.

21.     Despite repeated demands, NECCO has failed and refused to pay the $75,000.00 donation to USO referenced in NECCO'smarketing campaign and product packaging.

### COUNT I
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

22.     USO incorporates Paragraphs 1 through 21by reference herein as if fully set forth.

23.     NECCO, without the consent of USO, used in commerce reproductions, counterfeits, copies and/or colorable imitations of USO's registered marks in connection with the sale, offering for sale, distribution, or advertising of NECCO goods, with such use likely to cause confusion or mistake, or to deceive consumers.

24.     NECCO applied reproductions, counterfeits, copies and/or colorable imitations of USO's registered marks to labels, signs, prints, packages, wrappers and advertisements intended to be used, and actually used, in commerce in the connection with the sale, offering for sale, distribution and advertising of NECCO goods.  Such use was likely to cause confusion, or to cause mistake, or to deceive consumers.

25.     NECCO's actions as aforesaid constitute infringement of USO's registered marks in violation of 15 U.S.C. § 1114.

26.     As a result of NECCO's infringement of USO's registered marks, USO has suffered monetary damages in an amount to be determined trial.

27.     NECCO has profited from its infringement aforesaid.

28.     NECCO's infringement of USO's registered marks was willful and/or intentional, thereby making this case exceptional under 15 U.S.C. § 1117(a).

29. NECCO's spurious use of USO's marks entitles USO to treble damages under 15 U.S.C. § 1117(b).

**WHEREFORE**, Plaintiff, United Service Organizations, Inc., demands judgment in its favor and against the Defendant, New England Confectionery Company, Inc.:

a) for compensatory damages in an amount to be determined at trial;

b) for treble damages;

c) for attorneys' fees, interest, costs, and such other relief as this Court deems just and appropriate.

## COUNT II
### Federal False Advertising and Unfair Competition
### (15 U.S.C. § 1125(a))

30. USO incorporates Paragraphs 1 through 29 by reference herein as if fully set forth.

31. NECCO's unauthorized use in commerce of USO's marks, logos, name, and symbols was likely to deceive, and did deceive, consumers as to the affiliation, connection or association of USO and NECCO, and was likely to deceive, and did deceive, consumers as to the origin, sponsorship or approval by USO of NECCO's goods, services and commercial activities.

32. NECCO's publication of statements on its packaging and advertising confirming NECCO's intention to donate $75,000.00 to USO was a false and misleading description of fact which was likely to deceive, and did deceive, consumers as to the affiliation, connection or association of USO and NECCO, and was likely to deceive, and did deceive, consumers as to the origin, sponsorship or approval by USO of NECCO's goods, services and commercial activities.

33. NECCO's unauthorized use of USO's marks, logos, name and symbols,

6

andNECCO's false and/or misleading statements regarding NECCO's commitment to donate $75,000.00 to USO constituted false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

34. As a result of NECCO's false advertising and unfair competition as aforesaid, USO has suffered monetary damages in an amount to be determined trial.

35. NECCO has profited from its false advertising and unfair competition as aforesaid.

36. NECCO's actions in violation of 15 U.S.C. § 1125(a) were willful and/or intentional, thereby making this case exceptional under 15 U.S.C. § 1117(a).

**WHEREFORE**, Plaintiff, United Service Organizations, Inc., demands judgment in its favor and against Defendant, New England Confectionery Company, Inc.:

a) for compensatory damages in an amount to be determined at trial;

b) for attorneys' fees, interest, costs, and such other relief as this Court deems just and appropriate.

## COUNT III
### Quantum Meruit

37. USO incorporates Paragraphs 1 through 36 by reference herein as if fully set forth.

38. NECCO enjoyed the benefit of the use of theUSO's name,marks, logos and goodwill without compensating USO for the use of same.

39. USO informed NECCO that it expected to be compensated for NECCO's use of USO's name, marks, logos and goodwill.

40. NECCO's retention of the benefit of the use of USO's name, marks, logos and

goodwill without providing compensation to USO is unjust.

41. The current value of the uncompensated use of USO's name, marks, logos and goodwill by NECCO is over $75,000.00.

**WHEREFORE**, Plaintiff, United Service Organizations, Inc., demands judgment in its favor and against Defendant, NECCO, in an amount to be determined at trial, together with interest, attorneys' fees, costs, and such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Franceska J. O'Reilly
Franceska J. O'Reilly, Esquire
BBO No. 678067
The Law Office of Franceska J. O'Reilly
1 Melvin Street, Suite 1E
Wakefield, MA 01880
(617)680-3847 phone
(781)246-0869 fax
Franceskaoreilly@gmail.com
*Attorney for Plaintiff United Service Organizations, Inc.*

## JURY DEMAND

Plaintiff demands trial by jury in this matter.

_____
Franceska J. O'Reilly, Esquire